IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NORMA C. SULLIVAN and<br>DONALD E. SULLIVAN,<br>Plaintiffs<br><br>v.<br><br>UNITED STATES,<br>Defendant | NO. 99-754C<br>(Senior Judge Loren A. Smith) |

**AFFIDAVIT OF ROBERT S. CREEDON, JR., ESQUIRE**

I, Robert S. Creedon, Jr hereby depose and state as follows:

1. Attached hereto as Exhibit "A" is my curriculum vitae.

2. Attached as Exhibit "B" are pertinent documents.

3. This case is pending in the federal claims court and involves a claim against the postal service for its failure to ensure that a contract carrier obtained the required liability coverage for its delivery vehicle. The present posture of the case is that the trial court has ruled in plaintiff's favor on the issue of liability and the parties have entered the damages phase of the litigation.

4. The damages are to be measured by plaintiffs' loss due to the truck carrying the minimum $20,000 Bodily Injury Coverage instead of the $750,000 limit prescribed by the post office contract; to wit, the probable settlement value of Ms. Sullivan's bodily claim had the hypothetical adjuster been working with a $750,000 coverage amount as opposed to $20,000

5. Liability for the happening of the August 17, 1995 motor vehicle accident is not disputed (See Accident Reports, pages P-002 to P-004 and Stipulations of the Parties, pages P-085 to P-087 enclosed).

6. The injuries to Norma Sullivan, then 59-years old, include cervical and lumbar spine sprains and blunt abdominal trauma, resulting in the formation of a calcified intra-abdominal mass which required surgical intervention on January 24, 1996. (See Report of John Messersmith, M.D., page P-001 enclosed). The spinal injuries include a left-sided disc herniation at L3-4. (See December 6, 1995 Lumbar MRI Report, page P-026 enclosed). X-rays taken on the day of the accident showed straightening of the cervical spine (Radiology Report August 17, 1995, page P-011 enclosed).

7. Plaintiff Norma Sullivan's medical expenses are in excess of $16,000. (Tabh A, page P-088 enclosed)

8. Norma Sullivan was self-employed on a part-time basis cleaning homes and offices from which activities she grossed about $5,000 per year. (Schedule SE from 1994 and 1995, pages P-106 to P-108 enclosed).

9. The spinal injuries are permanent and cause Norma Sullivan discomfort and limit her tolerance for activities of daily living up to the present (Deposition of Norma Sullivan, pages P-091 to P-l 00) and are expected to be permanent.

10. Norma Sullivan is presently 75 years of age with a life expectancy of 11 years. (Life Table, page P-089 enclosed).

11. Norma's husband, Donald, has a claim for loss of consortium. (Deposition of Norma Sullivan, pages P-l 00 to P-l 05).

12. The following represents my opinion as to damages suffered by Plaintiffs:

Itemization of Damages:

| | |
|---|---|
| Medical Bills: | $17,522.32 |
| Lost Wages: | $25,000.00 (5 years @ $5,000 per year) |
| Disability: | $182,000.00 (Estimated 15% Whole Person Impairment valued at $175.00 per week for partcial disability, reduced to $140.00 per week for present value discount (11 years lived+Life Tables of 14 years for white female aged 70)=$140.00 per week(x)52=$7,280.00 per year (x)25= $182,000.00 |
| Consortium: | $35,000.00 |

Reasonable Settlement Value of Claim: $259,522.32

13. Plaintiff Norma Sullivan continues to suffer from back pain.

14. Massachusetts statute (M.G.L.c.231§6) puts interest at 12% per annum, the interest applicable if the case has been set in suit against the tortfeasor had the required insurance coverage that the United States required in its contract with tortfeasor. Taking two years of no interest (while the case in theory was being negotiated with insurance carrier) and assume no interest applied to date in this lawsuit, then 7 years of interest comes to $217,998.74 (84% of $259,522.32).

15. Thus the Plaintiff's total claim is $259,522.32 + $217,998.74(interest) for the sum of **$477,521.06**.

Signed under the pains and penalties of perjury this 7th day of August, 2006.

Robert S. Creedon, Jr., Esquire