# IN THE UNITED STATES
# COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **NORMA C. SULLIVAN and DONALD E. SULLIVAN,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | Case No. 99-754C |
| | ) | (Senior Judge Loren A. Smith) |
| **THE UNITED STATES,** | ) | |
| **Defendant** | ) | |

## MEMORANDUM OF CONTENTIONS OF FACT AND LAW

**Per Court Rule Plaintiffs set forth hereinafter trial subjects relating to following subject areas:**

(1) a full but concise statement of the facts plaintiff expects to prove and a discussion of plaintiff's position with respect to the facts on which defendant is expected to rely;
(2) a statement of the issues of fact and law to be resolved by the court.
(3) a discussion of the legal principles plaintiff contends are applicable, as well as plaintiff's response to defendant's anticipated legal position.
(4) if plaintiff believes that bifurcation of the issues for trial is appropriate, the memorandum shall contain a request therefor, together with a statement of reasons.

### 1. Plaintiffs' expectations of proof and a discussion of relevant trial facts:

It was on August 17, 1995 Norma Sullivan was injured. A passenger in car operated by her husband, Donald, The Sullivan car was stopped for a red light when struck in the rear by a truck. The crash occurred on Washington St. in Easton at an intersection that leads from Washington St. to Stonehill College. The Penske truck that struck the Sullivan car was leased by Penske to Timothy Sanders of Brockton, Ma. The truck only had Massachusetts Compulsory minimum bodily injury insurance coverage ($20,000). Timothy Sanders had his employee Charles Jordan operating Penske truck at time of crash. Timothy Sanders, d/b/a TNT Transportation, was transporting bagged mail for US Postal Service via the Penske truck. The Postal Service contract with Timothy Sanders required Timothy Sanders to procure a minimum of $750,000 of bodily injury insurance coverage. Sanders failed to place the 750K required bodily injury insurance coverage on the Penske truck. Liability against The United States has already been adjudicated. The Government wishes to appeal. The Government claims, against protest of Plaintiffs, it can not appeal until a final adjudication is entred against it. The Government claims that damages must be adjudicated before it can perfect its

appeal. Damage portion of case is thus set to take place at Federal Courthouse in Boston on January 15 and 16, 2008. Plaintiff's expert Robert S. Creedon is only presently available to testify in morning of January 15, 2008; Plaintiff's Counsel expects to request that Court take Attorney Creedon's expert testimony out of order.

Corroboration for the foregoing facts and greater detail is found in Stipulation of the Parties, signed and dated on 11/26/03. Plaintiffs will offer said Stipulation in evidence as to facts bearing on damage phase of this trial on Trial Day#1.

It is contention of Plaintiffs that these facts support a damage award for each Plaintiff. Total damages are comprised of medical bills for care and attendance, loss of joys of life, pain, mental and physical suffering, and loss of earning capacity (damages for Norma Sullivan will include her loss of income from cleaning services she performed). Since there is evidence of permanent damages, Plaintiffs will offer in evidence Massachusetts Court accepted permanent injury references including HEW Life Tables.

It is stipulated that liability of TNT for the underlying tort is conceded by Defendant.

Plaintiffs will offer at Trial as a guide to Opening Statement the Affidavit of Robert S. Creedon, Jr., dated and served on Opposing Counsel in August of 2007. Attorney Creedon's evidence at that time was that total value of claims for both Plaintiffs amounted to $477,521.06. Mass law (MGL 231 Sec 6) imposes continuing interest on un-liquidated damages to extend to time of payment at rate of 12 per cent per annum. Accordingly, total damages for Plaintiffs at time of trial will be greater than $500,000 according to Plaintiff's evidence. Stripping out the interest factors, Plaintiffs claims had an expected settlement value pre-suit, if paid two years post accident at $259,522.32 ($35,000 which is allotted through Plaintiff's evidence to Donald Sullivan on loss of consortium). Norma's medical bills are in excess of $18,000; she has had continuing treatment up to the present in Florida and these recent records and bills have been provided to Opposing Counsel. There is medical evidence to be offered on Mrs. Sullivan's case that she has a 15% whole person impairment. Attorney Creedon will explain the significance and use of whole person impairment percentages and use of these and other terms and factors in evaluating cases and determining expected settlement offers in mid and late 1990s. Lost wages are capped in the Creedon analysis at $25,000, though the court may find a further period is in order given Mrs. Sullivan's ambitious work habits and work ethic. Mrs. Sullivan is presently 75 years of age. This accident caused surgery for abdominal mass and lumbar disc herniation. All medical records and reports offered on Mrs. Sullivan will be from treating physicians. Mrs. Sullivan will explain her body movement and where the truck struck the Sullivan car and a chronology of her medical treatment.

**2. Plaintiffs' statement of the issues of fact and law to be resolved by the court:**

a - What is a fair and full damage award for Norma Sullivan for her past and future damages?

b - What is a fair and full damage award for Donald Sullivan for his past and future damages?

**3. Plaintiffs' listing of legal points**

1- What a reasonable insurance carrier would be expected to offer as a personal injury settlement to Mr. and Mrs. Sullivan if an insurance policy of $750,000 were in place on August 17, 1995.

2 - Massachusetts practice with regard to certifications under Chapter 233, Section 79G of Massachusetts General Laws.

3 - Likely time of settlement for Sullivan claims post accident.

4 - Application of interests and costs to all tort suits at time here relevant (12% by statute from the filing of the action).

5 - Comparative negligence is not an issue, as Defendant concedes liability on the underlying tort; the only issue Plaintiff anticipates U. S. to contest, both by cross examination and expert testimony, is extent of Mrs. Sullivan's injuries.

**4. Plaintiffs' position on bifurcation: Bifurcation has already taken place.**

Plaintiffs, Norma C. and Donald E. Sullivan,
By their attorneys,

Albert E. Grady, Esquire
Office of Albert E. Grady
226 Montello Street
Brockton, MA 02401
Tel: 508 583-8562
*Fax: 508 586-0734*

December 14, 2007